P. J. McLaughlin, as Receiver of Equitable Mutual Fire Insurance Company of St. Paul, Minnesota, v. Thore A. Thompson and Theodore G. Thompson, Co-partners· Doing Business Under the Firm Name and ·Style of Thompson Bros,

Opinion filed March 11, 1909.

### Appeal and Error — Specifications of Error.

1. Errors of law not appearing on the judgment roll cannot be reviewed on appeal without specifications duly settled in the statement of the case.

### Same—Statement of Case.

2. A paper purporting to contain specifications of error, which is left with the trial judge after the settlement of the statement of the case, does not become a part of the statement unless so ordered by the judge, and such specifications must be disregarded on appeal.

Appeal from District Court, Griggs county ; *Burke, J.*

Action by P. J. McLaughlin, receiver of the Equitable Mutual Fire Insurance Company of St. Paul, against Thore A. Thompson and Theodore G. Thompson. Judgment for defendants. Plaintiff Appeals.

Affirmed.

*Pierce, Tenneson & Cupler* and *P. M. McLaughlin,* pro se, for appellant. *Benj. Tufte* and *Lee Combs,* for respondents.

Morgan, C. J. This is an action to recover an assessment against the defendants, which was made by the plaintiff, as receiver of the Equitable Mutual Fire Insurance Company of St. Paul, adjudged to be an insolvent corporation, by the district court of Ramsey county, Minn. The trial resulted in a directed verdict in favor of defendants. Plaintiff has appealed on a settled statement of the case.

We are confronted at the outset with a record that does not warrant a review of any of the assigned errors. There is no demurrer in the record, and the judgment is sustained by the judgment roll. The reason that we are not permitted to review the errors assigned is that no specifications of error are incorporated in and made a part of the statement by the order settling the same. The record shows that a paper purporting to contain specifications of error was presented to the district judge on December 28, 1908, being the

time when the record was presented to him for certification to the Supreme Court. The judge indorsed a statement upon such paper to the effect that the specifications were not incorporated in the statement of the case when the same was settled by him. In the certificate or order of the judge settling the statement of the case, it is expressly stated that it contains no specifications of error. From this statement, it is apparent that there is nothing properly before us for review except the judgment roll. The paper denominated, "Specification of Error" is not properly in the record, and cannot be considered. Section 7058, Rev. Codes 1905, provides for the settlement of a statement of the case, and that it shall contain a specification of the errors on which the party settling the same intends to rely. That section further provides: "If no such specification is made, the statement shall be disregarded on motion for a new trial and on appeal." The rules of practice also require specifications of error to be incorporated in the statement of the case. Rule 7 (91 N. W. vi) provides that statements shall contain a specification of the errors of law upon which the appellant intends to rely, and that such specifications "are vital parts of the statement of the case, and must be included in and settled and allowed by the district court as parts thereof."

As the statement contains no specifications of error, and no errors appearing on the judgment roll, the judgment is affirmed. All concur.