## NEFF v. CALK.

### No. 31067. Feb. 18, 1947.

Rehearing Denied March 25, 1947.

*178 P. 2d 624.*

Lewis E. Neff and C. E. Nichelson, both of Tulsa, for plaintiff in error.

Martin & Spradling, of Tulsa, for defendant in error.

PER CURIAM. This section was commenced by L. B. Neff to quiet title to certain lots in the city of Tulsa. The lots were sold at the 1938 tax resale to Tulsa county, and thereafter they were sold to the plaintiff at a county sale. B. B. Calk intervened asserting liens for special assessments for street improvements under special tax bills issued in 1930, on which only the first installment had been paid. The seven installments for the years 1932 to 1938, both inclusive, were delinquent on February 1st prior to the resale, but the two installments for the years 1939 and 1940 were not then delinquent. The delinquent installments were not certified to the county treasurer for collection. This was at the request of the owner of the tax bills. The trial court held that the liens for the special assessments were superior to the title of plaintiff under the tax resale and decreed foreclosure of the liens. From that judgment, the plaintiff has appealed.

The first question for decision is whether the resale had the effect of cancelling the liens for the special assessments as to all or any portion of the unpaid installments on the special assessments. We think this question has been settled by the decision in Hutchman v. Tate, 198 Okla. 85, 175 P. 2d 980, except on one point. We there held that the effect of a valid resale deed to the county followed by a county deed was to cancel all special assessment installments delinquent at the time of the delivery of the *county deed* under the charter provision of the city of Tulsa. We think the effect is to cancel only such installments as were delinquent at the time of the *resale*. The effect of a resale deed under the resale held in 1938 was governed by section 12756, O.S. 1931, which provided that such a deed should contain a provision canceling "all delinquent taxes, penalties, interest and costs" existing against the real estate. Under article 9, sec. 13 of the Tulsa charter, the delinquent installments are to be certified to the county treasurer by September 15th of each year, placed upon the "delinquent tax list," and collected as "other delinquent taxes are collected". The term "delinquent taxes" as so used included delinquent paving assessments commonly referred to as "paving taxes". Oklahoma City v. Vahlberg, 185 Okla. 28, 89 P. 2d 962; Board of County Com'rs v. City of Wewoka, 191 Okla. 142, 127 P. 2d 826. Unmatured installments on special assessments were not canceled by the resale. The statute providing for the sale by the county (68 O.S. 1941 §432j) makes no provision for cancellation of installments maturing after the resale.

380

The next question is whether the action to foreclose the last two installments is barred by limitations as argued by plaintiff. These installments became due on February 1, 1939, and February 1, 1940, respectively. The petition in intervention was filed January 29, 1941, which was within two years of the maturity of the 1939 installment. The three-year statute of limitations prescribed by 12 O.S. 1941 §95(2) on a liability created by statute is the applicable statute, and hence the action is not barred. City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936.

Finally plaintiff argues that intervener' is barred from foreclosing the lien by laches. This argument has reference to all nine of the unpaid installments. Since we hold that the installments delinquent at the time of the resale in 1938 were extinguished by the resale, the question is whether the last two are barred by laches. We think not. Ordinarily, the courts apply by analogy the period of limitations fixed by statute to the plea of laches. Wilson v. Bombeck, 38 Okla. 498, 134 P. 382; 19 Am. Jur. 345; 30 C.J.S. 557. And where, as here, the limitation period has not run, the burden is upon the plaintiff to plead and prove facts showing prejudice by the delay. Parks v. Classen Co., 156 Okla. 43, 9 P. 2d 432; 19 Am. Jur. 346; 30 C.J.S. 563. The plaintiff has not sustained this burden. Intervener's failure to exercise the option given him in the tax bills to accelerate the maturity of the unmatured installments on the delinquency of the prior installments cannot be said to constitute laches. He was not required to exercise the option.

Reversed, with directions to cancel all but the last two installments, and to enter judgment foreclosing those two installments and to allow intervener a reasonable attorney fee as provided in the tax bills.

HURST, C.J., DAVISON, V.C.J., and OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. RILEY, BAYLESS, and GIBSON, JJ., dissent.

