### JOHN W. CLARY v. DENNIS O'SHEA.

April 28, 1898.

Nos. 10,860—(43).

**Action—Adverse Claims—Service by Publication—Misnomer of Defendant O'Shea.**

The title to the real estate in question appeared of record to be in "John O'Shea." This plaintiff brought an action against "John O. Shea," to determine adverse claims to the land, and served the summons by publication. *Held,* it cannot be presumed that "O'Shea" and "Shea" are one and the same person, and the facts above stated do not show that plaintiff is the owner of the land.

**Taxes — Notice of Expiration of Time to Redeem — Ambiguity in Date.**

The land was sold for taxes May 7, 1888. The notice of expiration of redemption stated that fact, and further stated that the time for redemption "will expire on the 7th day of May, 1891, or 60 days after the service of this notice." The notice was served January 3, 1891. *Held,* the notice stated that the time to redeem would expire on two different dates, and was therefore uncertain, ambiguous and void.

**Writing—Secondary Evidence—No Notice to Produce.**

Plaintiff offered evidence to prove that a certain written contract was made by the parties, was then in the possession of the defendant, and, without having given any notice to defendant to produce the same at the trial, offered to prove its contents by secondary evidence. Defendant objected, and denied that any such instrument had ever existed. *Held,* such denial did not excuse the want of such notice.

**Parol Promise to Pay Rent—Possession—Consideration.**

A parol promise by one in possession of land to pay rent to one out of possession, who has neither title nor right of possession, is void for want of consideration, and cannot be invoked as an estoppel in favor of a landlord, as against a tenant.

Appeal by plaintiff from an order of the district court for Nicollet county, Webber, J., denying a motion for a new trial. Affirmed.

*C. R. Davis* and *Thos. Hessian,* for appellant.

*John Lind* and *A. A. Stone,* for respondent.

CANTY, J.[1]

This is an action of ejectment. On the trial the court ordered a verdict for defendant, and, from an order denying a new trial. plaintiff appeals.

1. Plaintiff offered in evidence a patent from the United States to one "John O'Shea," and the judgment and judgment roll in an action brought by plaintiff to determine adverse claims to the property in question. The court refused to receive the evidence, and this is assigned as error.

The defendants named in the summons in that action are "John O. Shea and also all other persons or parties unknown," etc. The only service obtained was by publication, and the names of the defendants appear in the same form in the printed copy of the summons and notice of lis pendens contained in the proof of publication. In the judgment and order for judgment the name is written "John O Shea," which is in the same form except that the period is omitted after the "O." In our opinion, it cannot be presumed that "John O'Shea," named in the patent, is the same person as "John O. Shea," named in the summons and proof of service thereof in that action. "O'Shea" and "Shea" are not the same name. The person on whom the summons was to be served by constructive service was selected from all other persons in the world by the name alone, and that name was "Shea." Thus, it does not appear that the judgment is against the person named in the patent. Therefore the judgment did not constitute a link in a chain of title to plaintiff. Plaintiff did not connect himself with the patent, and the court did not err in rejecting the evidence.

2. We are also of the opinion that the court did not err in rejecting the proof offered to show that plaintiff had become the owner of the land by reason of two tax sales (each under a tax judgment) and the notice of expiration of the time to redeem under each sale.

[1] BUCK, J., did not sit.

Each notice states two dates on which the time to redeem will expire, and is, in our opinion, so uncertain and ambiguous that it is void. One of these notices is, so far as here material, in the following form:

"You are hereby notified that pursuant to the tax judgment entered in the district court in the county of Nicollet, state of Minnesota, on the 21st day of March, 1888, the land hereinabove described, assessed in your name, was sold for tax of 1886 on the 7th day of May, 1888, and that the time of redemption from said sale allowed by law will expire on the 7th day of May, 1891, or 60 days after service of this notice."

The notice was served January 3, 1891. It will be observed that 60 days from that date was March 4. Then the notice stated that the time to redeem would expire on March 4, 1891, or on May 7, 1891. This case cannot be distinguished in principle from Peterson v. Mast, 61 Minn. 118, 63 N. W. 168. There the date 60 days from the date of the notice fell after the other specified date of expiration of redemption. The notice here in question recited the time when the sale was made.

Appellant contends that every one is presumed to know the law; that any one knowing the law will understand that the time to redeem will expire three years from the date of sale; and, therefore, there is in law no ambiguity or uncertainty in the notice. In our opinion, the legislature intended to require a notice in fact, not one which can be upheld only by reason of some legal fiction, one which can be understood only by reference to the statute. See State v. Halden, 62 Minn. 246, 64 N. W. 568. The other notice of expiration is tainted with the same vice, and is also void.

3. Plaintiff claimed on the trial that in July, 1881, he made a written lease of the premises in question to defendant; that the lease was signed by both parties, and was at the time of the trial in the possession of defendant. Without having served on defendant any notice to produce it, plaintiff offered secondary evidence of its contents. Defendant objected, and denied that any such lease was ever made. The objection was sustained, and this is assigned as error.

Appellant contends that, because defendant denied that the

lease ever existed, no notice to produce it was necessary; that it sufficiently appears that a notice to produce it would be useless, and therefore it may be dispensed with. If defendant had admitted the loss of the written instrument, that would excuse notice to produce it. Wood, Prac. Ev. 28, § 11. But, in our opinion, the case is very different where the defendant denies that the instrument had ever existed. Such a complete and total denial ought not to dispense with anything required of plaintiff. The amount of proof required of the one party cannot be less because the denial of the other party is as absolute and complete as it is possible for it to be. To allow the one party to assert for the first time on the trial that a certain written instrument existed and was in the possession of the opposite party, and, because the latter denied that it ever existed, allow the former to prove the contents of the alleged instrument, without having given any notice to produce it, would open the door for perjury and surprise. In our opinion, the court ruled correctly.

4. There was also some evidence introduced by plaintiff tending to prove that, shortly before the time the alleged written lease was made, there was an oral agreement between the parties by which plaintiff leased the premises to defendant. The evidence shows conclusively that defendant was in possession at the time of this alleged oral leasing, and had been for many years prior thereto. Plaintiff had no title or right to possession. A parol promise by one in possession to pay rent to one out of possession, who had neither title nor right of possession, is void for want of consideration. Fuller v. Sweet, 30 Mich. 237, and cases cited.

This disposes of the case, and the order appealed from is affirmed.