GEORGE H. MUNROE, Annie Munroe, Jessie Munroe, William Munroe, and Gilbert Munroe v. EDWARD I. DONOVAN and Cornelius Jordan.

(Two Cases.)

(153 N. W. 461.)

Action to quiet title to land. Trial *de novo.* Plaintiffs, heirs at law of deceased fee title holder, bring action against the holder of five tax deeds, whose grantee is in possession of the land. Evidence examined, and, *held,* that the tax deed issued for the 1894 taxes is valid, for reasons stated in the opinion.

**Tax deed — validity — redemption from tax sale — expiration — notice of — necessary recitals — defects.**

1. It is urged against the validity of said tax deed, that the notice of the expiration of time of redemption incorrectly stated the amount necessary, and time allowed for, such redemption. *Held,* that such defects do not go to the extent of entirely vitiating the notice.

**Estimated expenditures — itemized statement — record — county commissioners — failure to make — defect — not jurisdictional — curative laws.**

2. The fact that no record of an itemized statement of the estimated expenditures for said year exists is a minor defect, not jurisdictional, and is cured by § 72, chapter 132, Sess. Laws 1890, the law in effect at the time of such sale.

**Redemption — expiration of time — notice of — served on person assessed — fee owner not served — validity of.**

3. The notice of expiration of the time of redemption was served upon the person in whose name the land was assessed, and not upon the fee owner of the land. *Held,* that this is in compliance with § 103, chapter 132, Sess. Laws 1890, the law under which such service was made.

Opinion filed April 23, 1915. Rehearing denied July 1, 1915.

Appeal from the District Court of Cavalier County, *Cooley,* J. Affirmed.

Note.—The matter of redemption from tax sales is entirely statutory, and cases must be decided under the local statute. For authority as to how particular statutes have been construed, on the subject of who is entitled to notice to redeem, see note in 44 L.R.A. (N.S.) 666. Statutory requirements of notice to one in whose name land is taxed or assessed are discussed on page 677 of this note.

*Engerud, Holt, & Frame,* and *W. A. McIntyre,* for plaintiffs and appellants.

*Scott Rex* and *George M. Price,* for defendants and respondents.

BURKE, J. This case was tried to the court below upon stipulated facts. Plaintiff appeals, demanding trial *de novo.* One Alexander Munroe was the patentee from the government for the southeast quarter section 17, township 161, range 58. He died in October, 1889, without having transferred or conveyed said premises in any manner. At the time of his death, his sole heirs at law consisted of three brothers, George, William, and Gilbert, and two sisters, Annie and Jessie, and the unknown heirs of a brother and sister who had previously died. At the time of the death of the said Alexander Munroe, he had moved away from said premises, and resided in Brandon, Manitoba. The taxes upon said premises for the year 1888 were not paid, and in August, 1892, went to tax deed, running to the Bank of Langdon. Said bank thereafter deeded the land to the defendant Donovan for the expressed consideration of $1,000, Donovan in this transaction acting for the defendant Jordan, to whom the land was sold upon crop contract. Both defendants have the same interest, however, and will be treated as one in the further discussion of the case. Donovan evidently wished to reinforce his title, and allowed the land to go to tax sale for the years 1889–90–94 and 95, and became the purchaser at the sale each year, receiving the tax deed at each of said sales. He thus became the holder of title under five different tax deeds, the first of which ran to the Bank of Langdon, and the last four to himself. The defendant Jordan went into possession of the premises in the fall of 1894, and has been in such possession ever since. In 1900, one L. S. Champine secured a quitclaim deed to said premises from the three brothers and two sisters of the said Alexander Munroe, deceased, purporting to convey the premises aforesaid, which deed was recorded in February, 1900, the consideration being the sum of $100. The grantors having been out of possession of the land for many years, and the defendant Jordan having been in possession, the said deed to Champine was champertous and void as to Jordan (Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258). Champine therefore had action brought in the name of the Mun-

roes for his use and benefit. The equities of the case, therefore, will be counted between the Munroes, and Donovan and Jordan.

We find the Munroes abandoning said land and paying no taxes thereon, from the year 1888 to the present time, during which time said taxes have been paid and improvements made by the defendants. After a period of about twenty years, during which time the land has become valuable, plaintiffs bring an action for the recovery of the premises, and seek to have all of the taxes set aside as void, and in addition seek to recover from these defendants the sum of $2,000 for the use and occupation of said premises. However, there was filed with the trial judge on the 11th of April, 1913, an offer, in writing, of the "use plaintiff to pay into court such sums as the court may find and determine that said use plaintiff should in equity pay into court to discharge any taxes upon the premises described in the complaint, which may have been paid by the defendants, as the basis of relief herein."

The defendants, in their answer, set forth their various tax deeds, and in addition allege that the action was not commenced within three years after the execution, delivery, and recording of the tax deeds, and defendant Jordan in addition alleges that plaintiffs had not been in possession of the land within a period of twenty years before the commencement of this action, and that, therefore, said action was barred under § 7362, Comp. Laws 1913.

In view of the ultimate decision in the case, we will not take time to discuss the question, or whether plaintiffs in any event could recover in this action. The defendants, upon their part, have asked to have title quieted in them under one or more of the various tax deeds, and it is apparent that if one of said tax deeds is valid, defendant must recover and plaintiff be defeated. We will confine our discussion entirely to exhibit 4, the tax deed issued to Donovan for the delinquent taxes for the year 1894. In discussing this tax deed, we turn again to the stipulated statement of facts. It is stipulated that the premises in question have at all times since the year 1884 been subject to taxation in Cavalier county, and situated in the organized civil township of Loam. The lands therefore were subject to taxation in the year 1894. It is stipulated that the defendant Donovan became the purchaser at such sale, and received a tax deed valid on its face. Plaintiffs, however, insist that the deed was void, for the reason that the auditor

had no jurisdiction to issue the same, because the notice of expiration of the time for redemption was not properly given. We quote from their brief: "Appellants contend that this notice is defective for the following reasons: First, that it is not addressed to, and was not served upon, the person contemplated by the statute; second, the amount required to redeem the land from the sale is incorrectly stated, and the time when the redemption period shall expire is erroneously given. . . . It is our contention that the requirement, that a proper notice of expiration of time for redemption be given and served, is a jurisdictional one. . . . That in addition to an assessment and sale for delinquent taxes, it was necessary that a proper notice of expiration of time for redemption must have been given; otherwise the right to redeem has not been cut off, and the tax deed conveyed nothing. . . . The tax sale on this trade . . . is also void, for the reason that there is no record of any itemized statement of estimated expenditures of Cavalier county for the ensuing year, made by the county commissioners as a basis for the tax levy made in 1894." Respondent, among other things, relies upon the various three-year statutes of limitations, and cites § 72, chapter 132, Sess. Laws 1890, later re-enacted as § 78, chapter 126, Sess. Laws 1897, being now incorporated in § 2193, Comp. Laws, 1913, which reads: "Such certificates shall in all cases be prima facie evidence that all requirements of law with respect to the sale have been duly complied with, and that the grantee named therein is entitled to a deed therefor after the time of redemption has expired; and no sale shall be set aside or held invalid, unless the party objecting to the same shall prove either that the property upon which the tax was levied was not subject to taxation, or that the taxes were paid prior to such sale, or that notice of such sale as required by law was not given; or that the piece or parcel of land was not offered at said sale to the bidder who would pay the amount for which the piece or parcel was to be sold, in which cases, but in no other, the court may set aside the sale or reduce the amount of taxes upon such land, rendering judgment accordingly." Which statute has been construed in Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; State Finance Co. v. Beck, 15 N. D. 374, 109 N. W. 357; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112. These sections, and the holdings thereunder, are alleged to be authority in this case for holding that plain-

tiffs have waived by their conduct all the defects mentioned, relative to the amount stated in the notice, and the time within which redemption might be made. Respondent further insists that § 79, chapter 126, Sess. Laws 1897, being § 2194, Comp. Laws 1913, is an effective bar to plaintiff's suit in its entirety. Said section reads as follows: "Limitation of action to quiet title. Any person having or claiming title to or lien or encumbrance upon any land, whether in his possession or the possession of another, or vacant or unoccupied, may commence and maintain an action, either in law or in equity, at any time before or after the issuing of a tax certificate, and within three years after the execution and delivery of a deed, or in case of deeds heretofore issued, then within three years after the taking effect of this section, against any party, person, county, state or corporation claiming any title to or interest in such lands, or lien upon the same adversely to him by or through such tax sale, tax certificate or tax deed heretofore or hereafter made, to test the validity of the tax sale, tax certificate or tax deed, or to quiet the title to said lands as against such claims of such adverse claimant, or to remove the cloud from the title arising from such tax sale, tax certificate or tax deed, and if no action is commenced within the time aforesaid such tax deed shall vest in the grantee a fee simple title to the lands and premises described in such deed, free from all liens and encumbrances made or accrued at or prior to the date of the execution and delivery of such deed, except taxes, and such grantee may at any time thereafter maintain an action against any and all parties for the possession of such premises, and the rights of action herein given shall be governed by the same rules of procedure as rights of action given by § 8044; provided, that nothing in this section shall be construed to prevent any person holding a tax deed from beginning an action against parties claiming title to or lien upon such premises at any time after the execution of the deed, to obtain possession of such premises, or to quiet the title to such lands as against such adverse claimants." The tax deed in question was issued under the provisions of § 103, chapter 132, Sess. Laws 1890, which reads: "Notice when time for redemption will expire.—Duties of certificate holders and auditors. Every person holding a tax certificate, shall, at least ninety days before expiration of the time for the redemption of the lands therein described, present such certificate to the county

auditor, and thereupon the auditor shall prepare, under his hand and official seal, a notice to the persons in whose name such lands are assessed, specifying the description of such lands, the amount for which the same were sold, the amount required to redeem such lands from sale, exclusive of the cost to accrue upon such notice, and the time when the redemption period will expire, which notice the auditor shall cause to be published once in each week for three consecutive weeks in some newspaper printed and published in the county where such lands are situated, if there be one; if none, then in some newspaper printed and published at the capital of the state. The fees of the sheriff for serving and the printer's fees for publishing such notice shall be added to the amount required to redeem such land, and shall be paid by the party offering to redeem such land before any certificate of redemption shall be issued. In case of failure on the part of the holder of any tax certificate to present the same to the auditor at the time hereinbefore provided, the same may be so presented at any time thereafter; and thereupon such notice shall be issued and served as hereinbefore provided, and the time for redemption of such lands shall expire sixty days after such notice: *Provided,* That the county shall not become liable for any expenses incurred under the provisions of this section."

However, appellant insists that said short statute of limitations, found in § 2194, Comp. Laws 1913, in no manner cures the insufficient notice of expiration of redemption, and refers us to the cases above enumerated, as holding that said curative statute applies only to defects which existed *before the sale;* but the defects in the notice of time for expiration of the period of redemption, coming later than the sale, are not cured thereby. It is pointed out that the Revised Codes of 1895, which went into effect January 1st, 1896, repealed § 72, chapter 132, Sess. Laws 1890, excepting as to vested rights, citing Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; and that the said 1895 Code contained no provision to cover the subject matter repealed, until the enactment of § 79, chapter 126, Sess. Laws 1897. This interim of two years, appellant insists, precludes defendants from invoking the statutes upon this particular tract, as it would be a violation of the owner's contract rights, and a violation of the 14th Amendment of the Constitution of the United States. Appellant further contends that respondent misconstrues the three North

Dakota cases above stated, beginning with Beggs v. Paine, as also does the L.R.A. note writer, at the case note in 8 L.R.A.(N.S.) 157; and that they, upon a correct reading thereof, will be found in harmony with Marx v. Hanthorn, 148 U. S. 172, 37 L. ed. 410, 13 Sup. Ct. Rep. 508; Saranac Land & Timber Co. v. Comptroller (Saranac Land & T. Co. v. Roberts) 177 U. S. 318, 44 L. ed. 786, 20 Sup. Ct. Rep. 642; and King v. Mullins, 171 U. S. 404, 43 L. ed. 214, 18 Sup. Ct. Rep. 925. We will discuss the objections Nos. 2, 3, and 4 before the other, which we consider the principal one.

(1) Under this heading, we will consider the point argued that, owing to inaccuracies in the amount demanded for redemption, and in the time allowed for redemption, the notice of redemption served is so defective that it is a nullity. We do not think there is any merit in this contention. The amount stated as necessary for redemption is probably 12 cents less than the amount due. This difference arose because the auditor did not include the cost of printing the notice, evidently believing that this cost would follow as a matter of course. The time stated in the notice as a limit for the redemption was more, not less, than the legal period. Thus, both of the alleged defects favor the redemptioner. These defects do not go to the extent of entirely vitiating the notice. . If appellant's attack is directed towards the notice itself, it is probably barred by the before-mentioned statute of limitations. See Shuttuck v. Smith, 6 N. D. 56, 73, 69 N. W. 5; Blakemore v. Cooper, 15 N. D. 5, 16, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; State Finance Co. v. Beck, 15 N. D. 374, 383, 109 N. W. 357. The notice, therefore, was sufficient to start running the statute of limitations against attacks upon prior proceedings.

(2) We take up next the fact that there was no record of any itemized statement of estimated expenditures for the ensuing year, levied by the county commissioners prior to this tax. This, likewise, is a minor defect, not jurisdictional, and cured by the provisions of said § 72, chapter 132, Sess. Laws 1890, which were in force at the date of the tax sale, on December 3, 1895, some three weeks before the repeal of said section by the enactment of the 1895 Code. The defense is also barred by the provisions of § 2174, Comp. Laws 1913.

(3) We now reach the last and most serious objection to the validity of said tax deed, namely, that the notice of the expiration of the time

for redemption was not served, as contemplated by law, upon the fee owners of the land, but was in fact served upon Donovan himself, in whose name the land was apparently assessed as holder of the previous tax deed. Appellant refers us to State Finance Co. v. Mulberger, 16 N. D. 214, 125 Am. St. Rep. 650, 112 N. W. 986, and Hodgson v. State Finance Co. 19 N. D. 139, 122 N. W. 336, as authority for the proposition that the service of this notice upon one who is the holder of a void tax deed is not service upon the owner of the land. We do not believe those cases in point. In the Mulberger Case the court says: "The notice of expiration of the redemption period was not directed to, nor served upon, the *owner* of the land. It was served upon H. Mulberger, who claimed to own the land. His title, however, was based on a void tax deed. He was not the actual *owner*." (Italics ours.) It was the view of the court, in that case, that the statute required the notice to be served upon the *owner* of the land. Likewise in the Hodgson Case, the court says: "There was no proper service of the notice of the expiration of redemption. Section 1289 of the Revised Codes of 1899 requires notice to be addressed to the person in whose name the land was assessed, and it requires that this notice be served upon the *owner* of the land, personally. . . . The only service made, or attempted to be made by registered mail, was upon John H. Devenney. The auditor, in serving, or attempting to serve, the notice on John H. Devenney, by registered mail, undoubtedly proceeded on the theory that he, having the tax deed, was the *owner* of the land, and the only person entitled to notice. His tax deed was void on its face, and notice to him was insufficient." (Italics ours.) The statute before us is altogether different. It requires, not service upon the owner of the land, but *"notice to the persons in whose name such lands are assessed."* In the absence of proof to the contrary, it must be assumed from the recitals of the notice and deed that the land was assessed in the name of Donovan. Literal compliance was therefore had with this statute, and consequently the service was sufficient. It is conceded, we believe, that the legislature might, had it desired, have omitted any provision for service of notice of the expiration of the time for redemption. That being true, it certainly was within the power of the legislature to provide that such notice be served upon the person in whose name said lands were assessed, and, if compliance be had therewith, the deed

thereafter issued will not be subject to attack upon this phase of the question.

It is unnecessary to review evidence relative to the other tax deeds. The judgment of the trial court is in all things affirmed.

BURR, District Judge, sitting for Goss, J., not participating.

## On Petition for Rehearing.

BURKE, J. Appellant, in a petition for rehearing, challenges the holding in ¶ (1) of the opinion. We are satisfied with the correctness of said holding, but believe we can make somewhat plainer the meaning of the same. We do not hold that the statute of limitations will bar an attack upon the tax deed where there is a total absence of the notice of expiration of redemption. In the present case, we have held that there was a good and valid notice of expiration of redemption. To be sure, there were two minor defects in such notice; but these did not entirely vitiate the notice, but were mere irregularities, and, being irregularities, are themselves barred by the statute of limitations. In other words, the notice was sufficient to start running the statute of limitations. The petition for rehearing is denied.