ETTA HUSHAW et al., Appellees, v. B. J. WOOD, Appellant.

**DEEDS:** Construction—Estates and Interests Conveyed—Life Estates and Remainders. A deed, "in trust only for her (grantee's) own use during her lifetime, and at her death to be distributed equally among her children then living," conveys a life estate to the grantee designated and a remainder to her children, contingent though it be.

**TAXATION:** Redemption from Tax Sale—Life Tenant. A life tenant may redeem from a tax sale.

**TAXATION:** Tax Deed—Description of Property—Variations—Effect. A tax deed is not invalidated because the description of the land in the sale record and in the deed does not follow the description on the tax list. The all-important requisite is that the land be *definitely* identified. So held where the land was entered on the tax list by governmental description, and later sold

and deeded by the treasurer under the description provided by a duly certified auditor's plat, prepared subsequent to the making of the tax list.

TAXATION: Tax Deed—Notice of Expiration of Right of Redemption—Validity. Notice of the expiration of the right of redemption from tax sale should be specifically to the effect that such right will expire unless redemption is made within 90 days from *completed* service of the notice. *Held*, the omission from the notice of the word *"completed"* was fatal in a case where *service* of the notice was made in October, and *completed* service was made 5 months later.

TAXATION: Tax Deed—Substantial Failure to Follow Statute. Principle recognized that a substantial failure to comply with the law governing the steps preliminary to the execution of a tax deed, opens the door to redemption.

TAXATION: Tax Deeds—Notice of Expiration of Right of Redemption—Substituted Service. Service of notice of the expiration of the right of redemption from tax sale may be made on one in possession of the land by leaving a copy of the notice with a member of his family over 14 years of age, provided such party is not found in the county.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

WEDNESDAY, DECEMBER 13, 1916.

SUIT to set aside a tax deed, redeem from tax sale, and for accounting of rents and profits. On hearing, decree was entered as prayed. The defendant appeals.—*Affirmed.*

*L. W. Fallon,* for appellant.

*E. H. Swasey* and *H. L. Robertson,* for appellees.

LADD, J.—I. This is a suit to set aside a tax deed and to redeem, as authorized by Section 1440 of the Code. It appears that one Mrs. Eccleston owned the property in controversy, and on February 15, 1899, conveyed it to her daughter, Etta Hushaw, "in trust only for her own use during her lifetime, and at her death to be distributed equally among

1. DEEDS: construction: estates and interests conveyed: life estates and remainders.

her children then living.'' Though awkwardly expressed, the intent to convey a life estate to the daughter and a remainder to her children, contingent though it be, is manifest. Whether the interest of the children was such as to entitle them to redeem, does not appear to have been given much attention, and, as decision thereof is not necessary, it may well be deferred for fuller argument.

Etta Hushaw, as said, owned a life estate, and undoubtedly a life tenant has such an interest in land as that she may redeem from tax sale. See *Swan v. Harvey,* 117 Iowa 58, and

2. TAXATION: redemption from tax sale: life tenant.

*Busch v. Hall,* 119 Iowa 279, and cases cited therein. These decisions also dispose of that portion of the arguments based on Sections 1444 and 1445 of the Code.

II. The land was described in Mrs. Eccleston's conveyance, dated February 15, 1899, as the S. ½ of S. W. ¼, N. W. ¼ of S. E. ¼ of Section 10, in the township described. She

3. TAXATION: tax deed: description of property: variations: effect.

continued in possession nearly 4 years, and, moving to California, leased it during 4 years. The premises were listed for taxation in 1904, as above described, but in December of that year the 40 acres containing said land were platted by the county auditor, and the plat duly certified and filed with the county recorder. The land in controversy was designated as Lot 3 thereof, and was sold at tax sale in December, 1905, as ''Lot 3 northwest of southeast of Section 10,'' and described in the deed as ''Lot 3 in the northwest quarter of the southeast quarter of Section numbered 10.'' Appellees argue that these last descriptions are indefinite and uncertain. No evidence was adduced tending to show that the auditor did not prepare the plat as required by Sections 922, 923 and 924 of the Code, and, assuming he so did, the reference to the land at the tax sale and in the deed is as certain and definite as in the tax list. The Code contains no requirement that the description of the land in the sale record and deed follow in the form appearing in the tax list, as argued by appellees.

It is sufficient in any of these if the land be definitely identified, even though this be in different language or abbreviations.

III. The notice of redemption was regular in all respects, save in saying that "the right of redemption will expire and a deed for said premises will be made, unless redemption from such sale be made within ninety days from service of this notice." The defect is in the omission of "completed" before "service." Section 1441 of the Code enacts:

4. TAXATION: tax deed: notice of expiration of right of redemption: validity.

"After two years and nine months from the date of sale, the holder of the certificate of purchase may cause to be served upon the person in possession of such real estate, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale, the description of the property sold, the name of the purchaser, and that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service thereof. Service may be made upon nonresidents of the county by publishing the same three times in some newspaper of said county, or by personal service thereof elsewhere in the same manner original notices may be served; but any such nonresident may in writing appoint a resident of the county in which said land is situated an agent, and file said appointment with the treasurer of said county, who shall forthwith record the same in a record kept in his office therefor, and index the same, after which personal service of said notice shall be made upon said agent. Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, and under whose direction the same was made; such affidavit to be made by the holder of the certificate or by his agent or attorney, and in either of the latter cases stating that such affiant

is the agent or attorney, as the case may be, of the holder of such certificate; which affidavit shall be filed by the treasurer and entered upon the sale book opposite the entry of the sale, and said record or affidavit shall be presumptive evidence of the completed service of said notice, and the right of redemption shall not expire until ninety days after service is complete."

It is apparent from this statute that "service" of the notice of redemption is one thing, and "completed service" thereof, quite another. Here, service of the notice on the person in possession and on the one in whose name the land was taxed was had in October, 1908, and according to this notice redemption must have been made before February 1, 1909. But the affidavits proving service were not filed until April 5, 1909, and redemption in fact might have been effected at any time before July 5th following. Service on the person in whose name the land is taxed, and on the person in possession, may be on days widely apart, or filing of proof of service may be long delayed. In either count, the time of redemption would be extended beyond 90 days from the time of service. So the contention that "service" and "completed service" should be treated as synonymous, is unsound. Indeed, the statute discriminates between them by defining what is essential in addition to service, to constitute completed service. The notice was defective and misleading, in that it advised that the time of redemption would expire long before it did under the law, and, instead of indicating a definite period easily ascertainable, diverted attention to an incorrect date from which to compute. As argued, everyone is presumed to know the law, but this does not obviate the requirement of statute with reference to the contents of a notice to redeem. The procedure under consideration is in hostility to the interests of the owner, and, if there is any substantial failure to pursue the course prescribed, the right of redemption is not to be regarded as cut off, regardless of what might have happened

5. TAXATION: tax deed: substantial failure to follow statute.

had the statute been followed. Whether, had proof of service been filed the same day service was effected, the omission of "completed" would have been prejudicial, we have no occasion now to determine. We are of opinion that the notice was not in substantial compliance with the statute; that the omission therein was prejudicial; and that for this reason the trial court rightly entered a decree allowing redemption.

IV. Wiley Kuyhendall was in possession of the land, and, not being found in the county, the notice was served by leaving a copy thereof with his wife, a member of his family over 14 years of age, at his usual place of residence. Such service of an original notice is good (Section 3518, Code; *Hass v. Leverton*, 128 Iowa 79), and the notice of redemption is to be served on the person in possession, in the manner provided for the service of original notices.  The service was as required. The plaintiffs are not chargeable with laches.

6. **Taxation: tax deeds: notice of expiration of right of redemption: substituted service.**

The decree of the district court has our approval, and is—*Affirmed.*

Evans, C. J., Gaynor and Salinger, JJ., concur.