L. R. BAIRD, as Receiver of the Farmers Bank of Ray, a Corporation, Appellant, v. MARY E. ZAHL, Respondent.

(226 N. W. 549.)

Opinion filed August 12, 1929.

*Ivan V. Metzger,* for appellant.

*Wm. G. Owens,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to annul a tax deed issued to the defendant by the county auditor of Williams county on April 28th, 1925. The deed was based upon the tax sale held in December 1920. The trial court made findings and conclusions, and ordered judgment, in favor of the defendant. That is, the trial court found that the tax deed in question was valid and vested in the defendant a title in fee simple to the premises described in the deed. Plaintiff has appealed from the judgment and demands a trial anew in this court.

Plaintiff claims that the tax deed is invalid for the following reasons:

1. That the purchaser at the tax sale did not pay the purchase price in cash but was given credit and paid the purchase price twenty-one days after the tax sale was held.

2. That the notice of expiration of time for redemption was irregular and defective in the following particulars:

(a) That the notice published in the newspaper varies from that issued by the county auditor in this, that the notice as published bears

date October 3, 1924, while the notice issued by the county auditor bears date September 25, 1924.

(b) That the notice stated the amount required to redeem the lands from the tax sale to be $90.11, whereas the amount actually required was only $89.34.

These contentions will be considered in the order stated.

(1) As regards the first contention advanced by the appellant that the purchaser at the tax sale was given credit and paid the purchase price twenty-one days after the sale was made, it is sufficient to say that the record presented does not establish the facts to be as claimed by the appellant. There was offered and received in evidence a certificate of sale for taxes, issued by the county auditor of Williams county on December 14, 1920. The certificate is in the form prescribed by the' statute and is in all respects regular on its face. The certificate shows that the premises in question were sold by the county auditor of Williams County to the defendant at the time and in the manner provided by law. The certificate recites that the premises therein described were, on the 14th day of December, 1920, sold by the said county auditor "in manner provided by law, for the delinquent taxes of the year 1919 thereon, amounting to Fifty-nine and 30/100 Dollars, including interest and penalty thereon, and the costs allowed by law, to M. E. Zahl for the sum of Fifty-nine and 30/100 Dollars. He being the bidder who agreed to accept the lowest rate of interest thereon from the date of sale on the amount of such taxes, penalties and costs so paid by him, . . ." According to § 2193, Comp. Laws 1913, this certificate is "prima facie evidence that all requirements of law with respect to the sale have been duly complied with and that the grantee therein is entitled to a deed therefor after the time of redemption has expired; and no sale shall be set aside or held invalid, unless the party objecting to the same shall prove either that the property upon which the tax was levied was not subject to taxation, or that the taxes were paid prior to such sale, or that notice of such sale as required by law was not given; or that the piece or parcel of land was not offered at said sale to the bidder who would pay the amount for which the piece or parcel was to be sold, in which cases, but in no other, the court may set aside the sale or reduce the amount of taxes upon such land, rendering judgment accordingly." The county auditor is

required to keep a record of tax sales. Comp. Laws 1913, § 2195. There is no claim that such records were not kept, and that they do not in all respects conform to the recitals of the certificate of tax sale. The sole basis for appellant's contention that the tax purchaser was given credit, and did not pay the purchase price, until January 4, 1921, is that the receipt issued by the county treasurer bears this date. It is upon this fact and this alone that the appellant's contention is predicated. Appellant rests his case solely upon the receipt. We are not convinced that the fact that the receipt issued by the treasurer bears date January 4, 1921 is evidence that payment was not made by the tax purchaser on December 14, 1920. It is a matter of common knowledge that in the year 1920 there were large numbers of tracts of land sold for taxes, that frequently it required a considerable time after the sale had been held before the officers charged with the duty to do so could prepare the proper documents, and that at times the various county treasurers were unable, because of press of business, to issue the receipts until some time after payments had been made. But, if it be assumed as appellant contends it must be, that the receipt is in conflict with and contrary to the recitals of the tax sale certificate, then the recitals in the certificate must prevail. Obviously, the receipt is insufficient to overcome the evidentiary force and effect of the certificate. § 2193, supra; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322.

(2) Our statute (Comp. Laws 1913, § 2223) provides that when the holder of a tax certificate has become entitled to apply for a tax deed, he shall present the certificate to the county auditor; that the county auditor thereupon "shall prepare, under his hand and official seal, a notice to the person in whose name such lands are assessed, specifying the description of such lands, the amount for which the same were sold, the amount required to redeem such lands from sale, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire. . . ." It further provides that the county auditor shall cause such notice to be delivered to the sheriff or his deputy for service. § 2223, supra. This statute was enacted for the protection of the party or parties having an interest in the premises and entitled to make redemption. Before a valid tax deed can issue, notice of expiration of the time for redemption must be

given of the kind and in the manner prescribed by law. The question, therefore, presents itself, whether any error or irregularity in such notice, either by way of omission or addition, will invalidate it and render void a tax deed subsequently issued. The authorities are not agreed on what answer should be made to this question. Some authorities hold that any inexactness or error in statement of the amount required to redeem,—whether the amount stated is too large or too small,—invalidates the notice. Other authorities hold that an unintentional inaccuracy in the statement of the amount necessary to redeem will not affect the validity of the notice, especially so where there is no redemption (Watkins v. Inge, 24 Kan. 617; 2 Blackwell, Tax Titles, 5th ed. § 679), and the amount is trifling (Western Land Asso. v. McComber, 41 Minn. 20, 42 N. W. 543; Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204), and the error could not possibly have misled or prejudiced anyone. 2 Blackwell, Tax Titles, 5th ed. § 679; Watkins v. Inge, supra.

This court has held that before a valid tax deed can issue there must be full compliance with all provisions of law intended for the protection of the taxpayer, and those having the right to redeem; but that errors or inaccuracies which do not affect the substance, which are trifling in their nature, and could not possibly have misled or prejudiced anyone, do not affect the validity of the notice of expiration of time for redemption. Munroe v. Donovan, 31 N. D. 228, 153 N. W. 461.

The law respects form less than substance (Comp. Laws 1913, § 7262), and disregards trifles (Comp. Laws 1913, § 7267). Beggs v. Paine, 15 N. D. 436, 439, 441, 109 N. W. 322. The notice of expiration of the time for redemption is intended to serve a purpose, namely, to afford to the parties entitled to make redemption notice that the holder of a tax certificate upon the premises is making application for a tax deed; and to give to such parties the information which the law requires that they be given. If the omission or irregularity is one of substance it vitiates the notice; but if the omission or irregularity is not one of substance, and the notice notwithstanding the error or irregularity substantially complies with the requirements of the statute so that all parties entitled to notice are actually afforded the notice the law requires, then the notice of ex-

piration of time for redemption serves its intended purpose and is effectual.

"The policy of the law," said Judge Cooley (Stockle v. Silsbee, 41 Mich. 615, 2 N. W. 900), "is that the parties shall pay legal taxes, even though there may be some irregularity in demanding them, and that they shall complain to the courts of those errors only which may injure them. . . .

"It is probable that in no tax case have all the proceedings been exactly and punctiliously correct, but they are sufficiently so for legal purposes in any case, if no error is committed which can prejudice the person taxed."

Tested by this rule the errors or defects in the notice of expiration of time for redemption in question here, did not invalidate the notice. The clerical error made by the printer in the date of the notice as published did not destroy the identity of the notice or the effectiveness of the service thereof. The notice as published contained precisely the same information as did the notice issued by the county auditor. No party could possibly have been misled or prejudiced by the clerical error in the date of the notice.

Neither did the error in the statement of the amount required to redeem destroy the notice. Under our statute the notice is prepared by a public officer. The tax purchaser has no duty to perform as regards the preparation or service of the notice. Nor is there any claim that the tax purchaser was responsible for the error made in the notice or that the county auditor intentionally included or inserted an excessive amount through any desire to exact from the plaintiff or any other party entitled to redeem more than was actually due on the tax certificate. If the amount stated in the notice (as claimed by appellant) is seventy-seven cents in excess of the amount actually due thereon, then it was due to an error in computation on the part of the county auditor. The presumption is that the county auditor acted in good faith and that the inaccuracy was unintentional. The reason for requiring the notice of expiration of time for redemption to contain a statement of the amount required to redeem is to afford to the party or parties entitled to make redemption knowledge of what amount must be paid in order to effect a redemption. However, the exact amount required to be paid cannot as a rule be determined from

the notice alone, as there is added to the amount due upon the tax certificate the costs "to accrue upon such notice." Whether an error in the statement of the amount required to redeem will invalidate a notice of redemption must depend upon the facts in each case. If the error is of such character as to mislead or prejudice a party entitled to redeem, then, of course, it vitiates the notice and the tax deed issued pursuant thereto is invalid. But, if the error is one which could not possibly have misled or prejudiced a party entitled to redeem then it does not destroy the effectiveness of the notice. Munroe v. Donovan, supra. In our opinion the errors in the notice in question here could not possibly have misled or prejudiced the plaintiff or any party entitled to redeem. In short, we are of the opinion that notice of expiration of time for redemption was given substantially as required by the statute and that there was accorded to the plaintiff such notice as he under the law was entitled to receive before a tax deed could or would be issued to the holder of the tax certificate.

The plaintiff, like every other owner of real property was, of course, chargeable with knowledge that the lands which he owned were subject to taxation; that if he failed to pay the taxes thereon, such lands would be sold at tax sale; that at the time prescribed by law the holder of the tax certificate would be entitled to apply for, and after proceedings had according to law, would be entitled to receive a tax deed. See Beggs v. Paine, 15 N. D. 436, 451, 109 N. W. 322; People v. Turner, 117 N. Y. 227, 237, 15 Am. St. Rep. 498, 22 N. E. 1025.

It follows from what has been said that the judgment appealed from is correct. It is affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.