[File No. 6490.]

STATE OF NORTH DAKOTA EX REL. STATE BANK OF
STREETER, a Corporation, Appellant and Respondent, v. J. A.
WEILER, County Auditor of LaMoure County, and L. R. Baird,
as Receiver of the Farmers and Merchants Bank of Lehr, North
Dakota, an Insolvent Banking Corporation, Respondents and
Appellants.

(275 N. W. 67.)

Opinion filed September 13, 1937.

*A. G. Porter,* and *George F. Shafer,* for appellants.

*Hugo P. Reminglon,* for respondent.

Nuessle, J. This is an appeal from a judgment of the district court of LaMoure county awarding the relator a peremptory writ of mandamus directed to the defendant Weiler as county auditor of LaMoure county and commanding him to issue a tax deed to certain real property in said county to the relator.

The statutes that are pertinent on this appeal are the following: § 2191, 1925 Supplement to the Compiled Laws of North Dakota for

1913, as amended by chapter 289, Sess. Laws, 1931, which provides for the sale of lands for delinquent taxes; § 2192, Supplement, as amended by chapter 298, Sess. Laws 1931, providing for the issuance of tax certificates to the purchasers at tax sales; § 2197, of the Supplement, as amended by chapter 298, Sess. Laws 1931, providing that "Any original tax sale certificate may be redeemed at any time within three (3) years from the date of sale by any person or corporation having an interest in the real estate sold for taxes and described in such certificate . . ."; § 2223, Supplement, as amended by chapter 285, Sess. Laws 1931, which provides: "Every person holding a tax sale certificate may at any time after the expiration of the statutory period of redemption, and before the expiration of six years from the date of such tax sale certificate, present such certificate to the county auditor and thereupon the auditor shall prepare under his hand and seal, a notice to the person in whose name such lands are assessed . . . specifying in such notice the description of such lands, the amount for which the same were sold, the amount required to redeem such lands from sale, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire. . . ." The statute then prescribes the manner in which service must be made and provides further "The time for redemption of such lands shall expire ninety (90) days after the service and publication of such notice . . . "; and § 2206, Comp. Laws 1913, providing that if no redemption is made within the ninety-day period the county auditor shall execute to the purchaser a deed to the property which he bid in at tax sale and for which he received the tax certificate. The foregoing statutory provisions were in effect in December, 1931, when the relator purchased at tax sale the land for which he now seeks to obtain a deed from the respondent county auditor.

In addition to the foregoing statutes a later enactment, chapter 280, Sess. Laws 1935, is also pertinent. This statute, enacted for the declared purpose of temporarily extending the time in which redemption may be made from tax sales, among other things, provides: ". . . the period in which the holder of a tax certificate of sale can ask for and obtain a tax deed . . . and the time in which the owner of the property may redeem from such tax sales (shall) be and the same is hereby extended to the first day of July, A. D. 1937; . . . Provid-

ed, however, that this act shall not be operative, except in favor and on behalf of any owner of such land, who shall have, within 90 days, after the service of the notice of expiration of redemption, filed with the county auditor in the county in which the land is situated, a notice that he desires to take advantage of this act, and the county auditor, in addition to the notice of expiration of period of redemption usually required by law, and as part thereof shall notify such owner of his rights under this act." This chapter carried an emergency clause and was approved and became effective March 12, 1935.

There is no dispute as to the facts. In December, 1931, the relator purchased the quarter section of land on account of which this proceeding arises at the tax sale held in LaMoure county pursuant to the provisions of § 2191, as amended, supra. Pursuant to the provisions of § 2192, as amended, supra, the county auditor issued a certificate evidencing such sale. This certificate, issued under the hand and seal of the county auditor, after describing the real estate and reciting the sale thereof and the purchase by the relator, continued: "And I further certify that unless redemption is made of said real estate in the manner provided by law the said First State Bank, Alfred, or assignee will be entitled to a deed therefor on and after the 8th day of December, A. D. 1934, on the surrender of this certificate." Thereafter and after the expiration of three years from the date of sale, there having been no redemption therefrom, the relator took steps to procure a tax deed to said premises. In that behalf relator applied to the respondent Weiler, the county auditor of LaMoure county, for such deed and surrendered its tax sale certificate. On April 16, 1935, Weiler prepared and on April 18 served notice of expiration of the period of redemption pursuant to the provisions of chapter 280, Sess. Laws 1935, supra. This notice was as follows, to wit:

"You are hereby notified that the tract of land hereinafter described, and which was assessed in your name for taxation for the year 1930, was on the 8th day of December, 1931, duly sold, as provided by law, for the delinquent taxes for the year 1930, and that the time for redemption from said sale will expire 90 days from the completed service of this notice. (Then follows a description of the land, the amount for which it was sold, and the amount required to redeem.)

"In addition to the above amount you will be required to pay the costs

of the service of this notice and interest as provided by law, and unless you redeem said land from said sale before the expiration of the time for redemption as above stated, a deed thereof will issue to the holder of the tax sale certificate as provided by law.

"You are further notified that under the provisions of chapter 258, of the 1933 Session Laws of North Dakota as amended by Senate Bill 262, of the 1935 North Dakota Session Laws (chapter 280, Sess. Laws 1935) the time within which you may redeem said land from said sale is extended to July 1, 1937, provided that within 90 days from the date of this notice you file with the undersigned county auditor a notice that you desire to take advantage of said acts."

During all the times herein mentioned the land in question was assessed in the name of the owner, the Farmers & Merchants Bank of Lehr, an insolvent banking corporation in process of liquidation. The respondent Baird is the receiver of said banking corporation. The notice of expiration of the period of redemption having been served upon him as receiver of the bank, Baird, on May 10, 1935, pursuant to the provisions of chapter 280, supra, and in accordance with the terms of the notice served upon him, filed with the county auditor of LaMoure county his notice in the following form: "This is to notify you that I wish to take advantage of the provisions of chapter 258, of the 1933 Session Laws of North Dakota as amended by Senate Bill 262, of the 1935 North Dakota Session Laws, extending the time for period of redemption on the following described property. . . ." Apparently this form of notice had been attached to the notice of expiration of the period of redemption served upon Baird by the county auditor.

Thereafter and shortly after the expiration of 90 days from the 18th day of April, 1935, the date of the service of the notice of expiration of the period of redemption, the relator demanded a tax deed of the respondent Weiler pursuant to the provisions of § 2223 as amended, and tendered to him the proper charges therefor. Weiler refused to issue said deed on the ground that the period of redemption had been extended by chapter 280 and that such extended period had not yet expired. Thereupon the relator brought the instant proceeding to compel the auditor to issue such deed. The respondent Baird as receiver, the owner of the premises in question, was impleaded. The case was

tried to the court and judgment was ordered and entered for the relator. Thereupon the respondents perfected this appeal.

The relator contends that since he purchased the land in question at tax sale held in December, 1931, the statutes then in effect measure his rights under such certificate; that the notice of expiration of the period of redemption as given is sufficient under those statutes; that there has been no redemption pursuant to such statutes and therefore the relator is entitled to a tax deed; that the statute, chapter 280, Sess. Laws 1935, which purports to extend the period of redemption to July 1, 1937, is violative of relator's rights and contravenes the provisions of the Constitution of the United States and of the Constitution of the State of North Dakota in that it impairs the obligations of the contract resulting from the sale and purchase and deprives the relator of its property without compensation and without due process of law. On the other hand, the respondent Weiler contends that chapter 280 is a constitutional and valid enactment; that, in any event, it is his duty to comply with its terms and provisions until it shall have been declared invalid and ineffective and therefore mandamus is not a remedy available to the relator. And the respondent Baird contends that chapter 280 is a valid and constitutional enactment; that even if it be not, the notice of expiration of the period of redemption served upon him and on which the relator predicates its right to deed was issued pursuant to the terms of said statute and if said statute is unconstitutional and invalid the notice of expiration of the period of redemption issued and served pursuant thereto is not such a notice as to entitle it to a deed pursuant to the terms of § 2223 as amended, supra; that, in any event, the respondent Baird relied upon the terms of such notice and so relying upon the same applied for an extension of the redemption period as it was recited in the notice that he might and so made no redemption; that he desired and intended to redeem before the expiration of the extended period of redemption and was ready and willing to do so and in that behalf he tendered the redemption money into court; that under all the circumstances it would be inequitable to permit the relator to take a deed pursuant to the provisions of § 2223 as amended, when the notice was issued pursuant to the provisions of chapter 280 and the respondent relied upon and complied with the terms of said notice and of said chapter to his detriment.

Thus the issues sought to be presented are: First, is chapter 280, Sess. Laws 1933, a valid and constitutional enactment? Second, if it be not was the notice of expiration of the period of redemption served upon the respondent Baird such a notice as to entitle the relator to a tax deed prior to the expiration of the extended period of redemption? Third, even though the statute be unconstitutional and the notice as served sufficient to satisfy the requirements of § 2223, as amended, are the circumstances such that equitable considerations require that the respondent Baird be permitted to redeem?

It is well settled that the question of the constitutionality of a statute will be considered only when the determination of the cause before the court requires it. See Federal Land Bank v. Johnson, ante, 534, 274 N. W. 668; State ex rel. Kaufman v. Davis, 59 N. D. 191, 229 N. W. 105; Goer v. Taylor, 51 N. D. 792, 200 N. W. 898; Olson v. Ross, 39 N. D. 372, 167 N. W. 385. Accordingly we will first consider the contention of the respondent Baird that regardless of the validity of chapter 280 the respondents must prevail. If this be so, then, pursuant to the rule above stated, we must refrain from passing upon the constitutional questions the relator seeks to raise.

Tax redemption statutes are strictly construed in the interests of the land owner and tax titles can be acquired only after full compliance with all the provisions of law intended for the protection of those having the right to redeem. See Biberdorf v. Juhnke, 59 N. D. 1, 228 N. W. 233; Baird v. Zahl, 58 N. D. 388, 226 N. W. 549. See, also, State ex rel. Bishop v. Bramblette, 43 Wyo. 470, 5 P. (2d) 279, 82 A.L.R. 497, and cases cited. Even though chapter 280 be unconstitutional and invalid as the relator contends, nevertheless the relator is not entitled to a deed unless under the circumstances of this case the notice as served satisfies the requirements of § 2223, supra, as amended. Can it be said to do so considered in the light of the foregoing rule? We think not. In Baird v. Zahl, 58 N. D. 388, 226 N. W. 549, supra, we said:

"This court has held that before a valid tax deed can issue there must be full compliance with all provisions of law intended for the protection of the taxpayer, and those having the right to redeem; but that errors or inaccuracies which do not affect the substance, which are trifling in their nature, and could not possibly have misled or prejudiced

anyone, do not affect the validity of the notice of expiration of time for redemption. Munroe v. Donovan, 31 N. D. 228, 153 N. W. 461.

"The law respects form less than substance (Comp. Laws 1913, § 7262), and disregards trifles (Comp. Laws 1913, § 7267). Beggs v. Paine, 15 N. D. 436, 439, 441, 109 N. W. 322. The notice of expiration of the time for redemption is intended to serve a purpose, namely, to afford to the parties entitled to make redemption notice that the holder of a tax certificate upon the premises is making application for a tax deed; and to give to such parties the information which the law requires that they be given. If the omission or irregularity is one of substance it vitiates the notice; but if the omission or irregularity is not one of substance, and the notice notwithstanding the error or irregularity substantially complies with the requirements of the statute so that all parties entitled to notice are actually afforded the notice the law requires, then the notice of expiration of time for redemption serves its intended purpose and is effectual."

It is true that in the instant case the notice specifies all the matters enumerated by § 2223, supra, as amended. Its vice is that it does not stop there. It continues and specifies also that the period of redemption may, on the application of the taxpayer, be continued to July 1, 1937. It seems to us that considered as a notice under § 2223, supra, the inclusion of this latter provision constitutes a substantial irregularity where a taxpayer induced thereby to do so seeks to avail himself of the extension. The provision defeats the purpose of the statute. Its effect is to lull the taxpayer into a sense of security by inducing him to believe his redemption period is extended. And that is exactly what happened in the instant case. The respondent relied on the notice. He applied for the extension as the notice said that he might. He wished to redeem and intended to redeem prior to the expiration of the extended time. The relator argues that chapter 280 being unconstitutional, that part of the notice specifying that the time of redemption might be extended to July 1, 1937, was merely surplusage; that everyone is presumed to know the law and so the respondent was charged with notice of the unconstitutionality and therefore with notice that there could be no extension of the redemption period even though the statutory notice served upon him specified that there might be. We are not impressed by this argument. If knowledge of the law can

be imputed to a taxpayer so as to render such a notice good, then there is no necessity for notice. Every taxpayer, knowing the law, must know that if he fails to pay his taxes his land will be sold on a day certain fixed by the statute, and that when it is sold the purchaser will be entitled to a deed at the expiration of the statutory time within which a redemption might be made. But the legislature in providing for notice must have contemplated that the taxpayer should have "a notice in fact, not one which can be upheld only by reason of some legal fiction, one which can be understood only by reference to the statute." Clary v. O'Shea, 72 Minn. 105, 75 N. W. 115, 71 Am. St. Rep. 465. See also Hushaw v. Wood, 178 Iowa, 752, 160 N. W. 274. We therefore conclude that under the circumstances of this case the notice in question was not such as to entitle the relator to a deed pursuant to § 2223 as amended, upon the expiration of the ninety-day period after the service thereof.

Judgment reversed and case remanded for further proceedings in accordance with this opinion.

CHRISTIANSON, Ch. J., and BURR and MORRIS, JJ., and MILLER, Dist. J., concur.